UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLEG ZHUIKO,<br><br>                    Petitioner,<br><br>     -against-<br><br>HERIBERTO TELLEZ, WARDEN, METROPOLITAN DETENTION CENTER – BROOKLYN; ICE NEW YORK FIELD OFFICE DIRECTOR; ALEJANDRO MAYORKAS,<br><br>                    Respondents. | 25-CV-5713 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently detained at the Metropolitan Detention Center in Brooklyn, New York ("MDC – Brooklyn"), brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, seeking to challenge his immigration detention. For the following reasons, the Court transfers this petition to the United States District Court for the Eastern District of New York.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained at MDC - Brooklyn, which is located in the judicial district of the Eastern District of New York.[1] *See* 28 U.S.C. § 112(c). Therefore, in the interest of

---

[1] Petitioner states in the petition that he believed that MDC-Brooklyn was located in the Southern District of New York. (ECF 1, at 1.)

justice, this Court transfers this petition to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a).

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. The Court directs the Clerk of Court to disregard the seven-day waiting period in which to effectuate the transfer of this action, as articulated in Local Civil Rule 83.1, and to effectuate the transfer of this action immediately. Whether Petitioner should be permitted to proceed further without payment of the fee is a determination to be made by the transferee court.[2] This order closes this case in this court.

Because Petitioner at this time has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 16, 2025
       New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[2] The Court notes that Petitioner did not pay the $5.00 filing fee or submit an application to proceed *in forma pauperis*.